JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CATALYST RCM

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

WHEELER, DiULIO & BARNABEI, P.C.
1650 ARCH STREET, SUITE 2200, PHILA., PA 19103

## DEFENDANTS

USI INSURANCE SERVICES

County of Residence of First Listed Defendant MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331

Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE 10/06/2027

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: P.O. BOX 23723, KNOXVILLE, TN 37933

Address of Defendant: 1787 SENTRY PARKWAY W, SUITE 300 VEVA 16, BLUE BELL, PA 19422

Place of Accident, Incident or Transaction: 704 GETTYSVUE DRIVE, KNOXVILLE, TN 37922

***RELATED CASE, IF ANY:***

Case Number: ____________ Judge: ____________ Date Terminated: ____________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ____________ ____________ ____________
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify)*: ____________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ____________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☑ 9. All other Diversity Cases *(Please specify)*: INSURANCE AGENT NEGLIGENCE

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, MICHAEL CASPER, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/06/2026 [signature] 313385
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CATALYST RCM | : | CIVIL ACTION |
| v. | : | |
| | : | |
| USI INSURANCE SERVICES | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ✓

| | | |
|---|---|---|
| 10/06/2026 | MICHAEL CASPER | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-971-1000 | 215-568-2901 | mcasper@wdblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CATALYST RCM<br>P.O. Box 23723<br>Knoxville, TN 37933<br><br>vs.<br><br>USI INSURANCE SERVICES<br>1787 Sentry Parkway W<br>Suite 300 Veva 16<br>Blue Bell, PA 19422 | DOCKET NO. |

**CIVIL ACTION COMPLAINT**

## I. PARTIES

1. Plaintiff, Catalyst RCM ("Plaintiff"), is a revenue cycle management company that offers healthcare providers specialized medical billing, coding, and business analytics solutions across the United States and maintains an address for that purpose as set forth above.

2. Defendant, USI Insurance Services LLC ("Defendant"), is an insurance agency that maintains a place of business for that purpose at the address set forth above.

3. At all relevant times, Defendant acted by and through its agents, servants, workmen, employees and/or other representatives including, but not limited to, Rick LaForge and Rebecca DeVito, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the parties to this action pursuant to 28 U.S.C. §1331, there being a complete diversity of citizenship between the parties, and the amount in controversy being in excess of Seven-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Eastern District of Pennsylvania since the events giving rise to the Plaintiff's claims arose within the Eastern District of Pennsylvania.

## III. OPERATIVE FACTS

6. In October 2023, Plaintiff retained the services of Defendant to assist in the procurement of an insurance policy.

7. Plaintiff relied on the advice of Defendant to determine the type and amount of insurance necessary to protect Plaintiff's business.

8. Due to the sensitive medical information that Plaintiff possessed as part of its regular course of business, Plaintiff specifically requested that Defendant procure cyber coverage.

9. Defendant agreed that cyber coverage was necessary and confirmed that it would procure such coverage for Plaintiff.

10. On or about April 29, 2024, Plaintiff's policy ("Policy") was procured by Defendant from Hartford Underwriters Insurance Company ("Hartford"). A copy of the Policy is not in Plaintiff's possession, but a copy of same is believed to be in Defendant's care, custody and control.

11. Shortly thereafter, Plaintiff requested that Defendant provide Plaintiff with certificates of insurance, including a certificate of cyber insurance, on numerous occasions.

12. Defendant never provided certificates of insurance to Plaintiff, but assured Plaintiff on or about July 17, 2024, that cyber coverage was obtained.

13. On or about October 6, 2025, Plaintiff contacted Defendant and requested a review of the current Policy as well as documentation confirming that the Policy provided cyber coverage.

14. Defendant failed to respond to Plaintiff's requests.

15. On or about November 8, 2025, while the Policy was in full force and effect, Plaintiff suffered losses and damages as a result of a cyber security failure which caused medical records in Plaintiff's possession to be released without authorization.

16. Notice of this loss was given to Hartford in a prompt and timely manner, and Plaintiff, at all relevant times, fully complied with all the terms and conditions required by the Policy.

17. On December 9, 2025, Hartford denied Plaintiff's claim on the basis that the Policy did not provide coverage for losses caused by cyber security failures. A true and correct copy of Hartford's denial letter is attached hereto as **Exhibit A**.

18. Solely as a result of Defendant's failure to procure the cyber coverage specifically requested by Plaintiff, Plaintiff has suffered loss and damage in an amount in excess of $75,000.00.

**COUNT I - NEGLIGENCE**

19. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

20. Defendant, acting through its agents, servants, workmen, employees and/or other representatives, owed a duty to Plaintiff to procure the necessary and proper insurance coverage.

21. Plaintiff reasonably relied upon the special skill and professional advice of Defendant to procure the necessary and adequate insurance coverage.

22. Plaintiff reasonably relied on Defendant to procure the cyber coverage specifically requested by Plaintiff.

23. Defendant failed to exercise the care that reasonably prudent insurance professionals should have under similar circumstances.

24. Defendant knew, or with reasonable exercise of care should have known, that the coverage afforded under the Policy procured by Defendant did not provide protection adequate to protect Plaintiff from all reasonably anticipated perils.

25. Defendant misrepresented to Plaintiff that the Policy provided cyber coverage, and Plaintiff reasonably relied on Defendant's misrepresentation in purchasing the Policy from Defendant to its detriment.

26. Defendant's failure to procure the cyber coverage specifically requested by Plaintiff left Plaintiff without the necessary coverage for this loss.

27. The direct, factual and proximate cause of Plaintiff's loss was the carelessness and negligence of Defendant.

28. As a result of Defendant's carelessness and negligence, Plaintiff has suffered damages in excess of $75,000.00.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00 together with interest and court costs.

WHEELER, DIULIO, & BARNABEI, P.C.

BY: */s/ Michael Casper*
MICHAEL CASPER, Esquire
Attorney ID No.: 313385
1650 Arch Street, Suite 2200
Philadelphia, PA 19103
mcasper@wdblegal.com
*Attorney for Plaintiff*

**VERIFICATION**

I, Michael Casper, counsel for Plaintiff, verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

WHEELER, DIULIO, & BARNABEI, P.C.

BY: */s/ Michael Casper*
MICHAEL CASPER, Esquire
Attorney for Plaintiff